972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Marvin BERKOWITZ, Defendant/Appellant.
 No. 91-2225.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Marvin Berkowitz of two counts of obstruction of justice, 18 U.S.C. § 1503, and one count of stealing government property. 18 U.S.C. § 641. On appeal, this court remanded the case for an evidentiary hearing to make factual findings on Mr. Berkowitz's motion to suppress. United States v. Berkowitz, 927 F.2d 1376, 1392 (7th Cir.1991). On remand, based on the evidence presented at the hearing, the district court found that Mr. Berkowitz's arrest was legal and that therefore the seizure of evidence at his home was also legal. Mr. Berkowitz appeals this finding, arguing that the warrantless entry was illegal and that the delay between the filing of the motion to suppress and the evidentiary hearing was prejudicial.
 
 
 2
 "[F]actual findings underlying a decision to deny a motion to suppress ... are subject to clearly erroneous review." United States v. Parker, 936 F.2d 950, 953 n. 1 (7th Cir.1991). A factual finding is clearly erroneous when the reviewing court, after examining all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." United States v. Soria, No. 90-2692, slip op. at 3-4 (7th Cir. June 11, 1992) (citation omitted). Moreover, we show considerable deference to the credibility determinations of the district court judge, who has the opportunity to observe the demeanor of witnesses and hear their testimony. United States v. Sterling, 909 F.2d 1078, 1082 (7th Cir.1990).
 
 
 3
 The sole question before the district court on remand was whether agents of the Internal Revenue Service ("IRS"), who went to the home of Mr. Berkowitz without a warrant, arrested him before or after entering his home. According to Mr. Berkowitz's testimony, after he answered the door, Agent Merle Shearer crossed the threshold of his home and then grabbed him, announcing that he was under arrest. Agent Shearer's version at the hearing, on the other hand, was that he announced that Mr. Berkowitz was under arrest before entering the Berkowitz home.[1] Two other IRS agents present at the arrest testified at the hearing and corroborated Agent Shearer's testimony. The district court found that the testimonies of the three agents were credible whereas the testimony of Mr. Berkowitz was incredible because of inconsistencies with his affidavit in support of his request for a suppression hearing and because he had testified falsely in the past. We cannot say that the district court's factual findings based on these credibility determinations were clearly erroneous.
 
 
 4
 Mr. Berkowitz further argues that, because of the 2 1/2 year delay between the motion to suppress and the evidentiary hearing, Agent Shearer was able to assert that the events in the arrest report were out of sequence,[2] thereby depriving Mr. Berkowitz of the Agent Shearer's fresh recollection of the circumstances surrounding the arrest and allowing Agent Shearer to change his version of the arrest to Mr. Berkowitz's prejudice.
 
 
 5
 Prejudice is one of several factors to be considered in determining whether a defendant's right to a speedy trial has been violated. See United States v. Loud Hawk, 474 U.S. 302, 314 (1986) (adopting the test enunciated in Barker v. Wingo, 407 U.S. 514, 530 (1972), for determining the extent to which appellate time used in reviewing pretrial motions weighs toward a defendant's speedy trial claim). Mr. Berkowitz's claim of prejudice rests on the testimony of Agent Shearer and the possibility that he incorrectly recollected the details of the arrest. Mr. Berkowitz's contention that Agent Shearer's version to which he testified at the hearing may have changed with the passage of time fails because Agent Shearer's testimony was corroborated by both the testimony of two other agents and by an affidavit prepared by Agent Shearer that was attached to the government's complaint before Mr. Berkowitz's motion to suppress was filed. See Record at 1. Also, as part of its credibility determination, the district court considered the arrest report and found that it accurately recorded the details of the arrest, albeit out of chronological order. There is no merit to Mr. Berkowitz's allegation of prejudice.
 
 
 6
 For the above reasons, the decision of the district court is AFFIRMED.[3]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Once the agents were in the Berkowitz home, Mr. Berkowitz stated that he wanted to get his keys. The agents followed him into his office, where Agent Shearer saw in plain view documents that he recognized as those stolen from the United States Attorney's office because, among other reasons, Agent Shearer recognized his own handwriting on some of them. Agent Shearer seized those documents. Subsequently, a search warrant was obtained authorizing a search of Mr. Berkowitz's home and other evidence was seized. Mr. Berkowitz moved to suppress the evidence found in his home. The legality of the seizure of this evidence under the plain view exception to the warrant requirement turns on whether the arrest was legal. Berkowitz, 927 F.2d at 1389
 
 
 [2]
 The arrest report stated:
 On November 7, 1988, at approximately 9 a.m., the subject, Marvin J. Berkowitz, was arrested at his home pursuant to the direction of the United States Attorney's Office for the Northern Judicial District of Illinois. Special Agents Shearer and Calabrese identified themselves at the front door and Berkowitz let them enter. He was told the charges and placed under arrest.
 Agent Shearer testified at the hearing that the report was out of sequence, and that he, in fact, told Mr. Berkowitz that he was under arrest before the agents entered the house.
 
 
 [3]
 On August 1, 1991, we issued a Rule to Show Cause for appellant's failure to prosecute this appeal, and on August 12, 1991 we held in abeyance appellant's motion to discharge the Rule to Show Cause. As appellant's brief was timely filed thereafter, the Rule to Show Cause is hereby discharged